**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**RODERICK BROWN**                                                                                    **PLAINTIFF**

**vs.**                                                                 **CIVIL ACTION NO. 3:16-cv-904-DPJ-FKB**

**WARREN COUNTY SHERIFF'S DEPARTMENT,**
**CITY OF VICKSBURG, MISSISSIPPI: CITY COUNCIL,**
**MISSISSIPPI BUREAU OF NARCOTICS, AND**
**VICKSBURG POLICE DEPARTMENT**                                          **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On November 17, 2016, Plaintiff Roderick Brown filed several complaints in this now-consolidated action, alleging that the Defendants violated his constitutional rights and defamed his character. *See generally* [1]. Plaintiff also filed a Motion to Proceed In Forma Pauperis [2] requesting that the prepayment of the filing fee and costs be waived pursuant to 28 U.S.C. § 1915. The Court deferred ruling on the motion and directed Plaintiff to submit the long-form application, Form No. AO 239. *See* [4]. Plaintiff has now submitted the correct form. *See* [5].

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff has a job and he pays $100.00 per month toward dry cleaning and $150.00 per month toward transportation. [5] at 3-4.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);

1

> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, including that he has a job and that he pays $100.00 per month toward dry cleaning and $150.00 per month toward transportation, the undersigned finds that Plaintiff could pay the filing costs without undue financial hardship if given ninety days to pay the filing fee.  Plaintiff will not be rendered destitute by paying the filing fee in ninety days, as he does have a place to reside, a job, and a steady monthly income.  Because he will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied.  Plaintiff shall be given ninety (90) days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before April 17, 2017.  If Plaintiff does not object to this recommendation, and further does not pay the filing fee by April 17, 2017, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations.  Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P.

72(b) (as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of January, 2016.

  /s/ F. Keith Ball                                              
UNITED STATES MAGISTRATE JUDGE